---

# CHARLESTON.

## SHAW *v.* HAZEL-ATLAS COMPANY.

Submitted June 11, 1910.   Decided April 16, 1912.

1. MASTER AND SERVANT—*Dangerous Machinery—Warning.*

It is the duty of a master to give a minor servant operating a dangerous machine, inexperienced in its use, notice and warning of danger in its operation, and such instructions as will enable the servant to realize the danger and avoid injury. If there is a peculiar or special danger the warning and instruction must be definite as to it. Such warning and instruction must be more definite in the case of an inexperienced infant than in case of an adult. (p. 679).

70 W. Va.

2.    SAME—*Duty to Warn Servant—Delegation of Authority.*

  The duty of the master to give his servant operating dangerous machinery notice of danger and instructions as to the manner of operating the machinery to avoid hurt to the servant is a duty resting on the master, and can not be delegated to another, so as to relieve the master from liability to the servant for injury arising from the negligence of the agent to whom the duty was delegated. So as to the duty to furnish safe machinery. In such cases the law of fellow servant does not apply. (p. 680).

Error to Circuit Court, Ohio County.

Action by Malky Shaw against the Hazel-Atlas Glass Company. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*J. B. Sommerville,* for plaintiff in error.

*Handlan & Reymann* and *J. B. Allison,* for defendant in error.

BRANNON, PRESIDENT:

Malky Shaw obtained a verdict and judgment for $1,500 in an action against the Hazel-Atlas Glass Company, which has brought the case to this Court.

Malky Shaw, a Russian girl between seventeen and eighteen years of age at the time of the accident involved in the case, was employed in the factory of the glass company in making from tin and other metals different articles, among them jar tops, jar caps, jar covers, can covers and other things. Malky Shaw was put to working a machine or press driven by steam known as a trimmer used for trimming off the edges of jar or can metal caps. This machine was so constructed that a part of it called the "plunger" is forced into a part called a "die", and then drawn out of it by fast motion, as many as 135 times per minute. Sometimes the pieces of metal for making caps get fastened in the machine preventing its operation. One of these caps became fastened, and Malky Shaw in trying to loosen it with her fingers lost the ends of two fingers by mashing, causing amputation.

One assigned error is for overruling the demurrer to the declaration. It is specified that it does not show negligence. It is prolix and elaborate in so doing. The first count alleges that

the plaintiff, a Russian girl, was an infant of eighteen years, uneducated, and had been in this country one year, and could neither speak nor read English, nor understand it, without experience or knowledge concerning the machine which she was operating, or machinery of any kind, as the defendant well knew; and that under these circumstances it was the duty of the defendant to carefully warn and instruct the plaintiff as to the danger of operating the machine. It charged the machine as dangerous in operation. It charged that during the six days the plaintiff was operating the machine on different occasions the metal caps would become fastened in the die on the press, and the plaintiff not knowing how to remove them, applied to the foreman, and that he on two or three occasions removed the caps, but afterwards, when she applied to him for such assistance, he declined to give it, and quarreled with and scolded her, and told her to remove the caps herself. The count charged that it was the duty of the defendant to exercise care to see that the plaintiff should not be injured in operating the press, the defendant well knowing that its operation was attended with great danger, and well knowing the plaintiff's inexperience and lack of knowledge of the danger; and that it was the duty of the defendant to warn the plaintiff of the danger and instruct her as to the particular danger incident to the removal of fastened caps, and to exercise care and caution likely to protect her from injury or hurt while operating the press. It charged that the defendant carelessly and negligently disregarded such duties, and utterly failed to use care and caution to see that the plaintiff should not be exposed to danger. Here we have as the *gravamen* of the action failure to instruct the plaintiff in the operation of the press, failure to use care and caution to avoid danger. The first count does not charge defective machinery, only omission of instruction to a young, inexperienced girl, and the only matter giving me question is, whether the admission that when called on, when a cap was fastened, the foreman took it out was an instruction. I have concluded that it is not clearly so. Did he tell her to use a stick in unloosening a cap, as the defence claims was the practice? From the declaration we cannot say. The defence claims that she did not, as she ought to have done, take her foot off the treadle and thus stop the machine. It does not appear whether she was instructed as to this essential and

important matter, the thing that would prevent accident.     Or rather the evidence conflicts.   It does not appear any instruction was given by the plaintiff's evidence, or to what extent. "Where the duty exists to warn and instruct a servant the master must give such instructions as would, in the judgment of men of ordinary minds, understanding and prudence, be sufficient to enable the servant to appreciate the danger, and the necessity for the exercise of due care and precaution and do the work safely, so far as it can be done with proper care." 17 Ann. Cas. 490. Full collection of cases in 3 Ann. Cas. 368, the note in 17 Ann. Cas. 487 relating to infants.

Labatt on Master and Servant, sections 252, 253, lays down the law to be, as to infant servants, "owing to the more restricted capacity of young persons for understanding the perils of their employment, the law imposes an obligation to give them detailed and special instructions in many instances in which a general notification would have been an adequate warning to an adult." * * * * "In numerous cases the servant has been allowed to recover for the reason that the court felt itself unable to say, as a matter of law, that the master's culpability might not reasonably be inferred from evidence which indicated that the servant though warned in general terms, has received no special warning in regard to the particular danger to which the injury was due, or no explicit instruction as to the proper manner avoiding it, and that, under the circumstances, the information which the master had thus failed to communicate was necessary to enable the servant to obtain an intelligent comprehension of the danger.   For obvious reasons the courts are less disposed to interfere with a verdict for a minor on this ground than where the injured person was an adult." The master must "give him such instruction as will enable him to avoid injury." Must give "such notice and instruction as is reasonably required by the youth, inexperience, or want of capacity of the servant." *Giebill v. Collins Co.*, 54 W. Va. 518.

The second count alleges the failure to give the plaintiff instructions, and it also alleges, with particular specifications, defects in the press and bad metal used in making caps, tending to cause the stop, and surely alleges duties and negligence in defective machines and materials the servant was to handle.

It is suggested in a brief of counsel that if there was negligence, it is to be attributed to the foreman, and that he is a fellow servant with the plaintiff, and the company not responsible for that foreman's negligence. As I have said, the action rests on failure to give notice of danger and instructions to avoid it, and defective machinery and material. I have above cited abundant law to show that it is the master's duty to give notice and instruction. I will add *Ewing* v. *Lanark Co.,* 65 W. Va. 726, saying that "if the servant is an infant, the duty becomes more imperative." There cannot be fellow servant as to that duty. As to this duty the foreman was not a fellow servant with the plaintiff, but a vice principal. The defendant could not delegate or shift such duty from his shoulders, and be exempt himself from his negligence, because it is a duty of the master, not assignable, and if assigned the master is liable for the foreman's default. The duty rests primarily on the master, and is not delegable. 17 Ann. Cas. 491; 26 Cyc. 1167. The case of *Lang Paper Co.,* 178 Fed. 253. (C. C. A.) is much like our case.

It is hardly necessary to cite law for the proposition that the duty of furnishing safe machinery is the master's duty, non assignable. The fellow servantcy doctrine has no application to this case.

Such being the legal principles of the case, and the jury having found, on much oral evidence, and conflicting, either that proper instruction against danger was not given, or that the press was defective, one or both, we cannot reverse the circuit court for its refusal of a new trial.

It is argued that the danger of unfastening the can top with the fingers was plain to Malky Shaw, and she was guilty of contributory negligence. That was a jury question under all the evidence. The girl was young and open to rashness of youth, ignorant and inexperienced as to dangerous machinery, and she had been directed to remove can tops without help. When the foreman was called to her aid to remove a can top, he used his fingers to release the top, and thus suggested to the girl that use of the fingers was not dangerous. She was thus misled. She but followed the foreman. The girl's evidence was that the foreman did not warn her against removing the can top with

her fingers.   That he showed her how to put her foot on the treadle, but did not tell her to take her foot off it and stop the machine when removing the can tops.    The girl was inexperienced, uneducated, a poor immigrant, not even able to give her birth date.   Thus great care, very definite warning was required.   The safe course was to use a stick or some implement for such removal.   Some evidence shows that sticks were at command, but this is denied by other evidence.   The jury passed on this contestation.   It was its function to say whether the girl was chargeable with negligence.   Under the Constitution we must concede great force to a verdict on oral evidence, especially when conflicting, as in this case.

Judgment affirmed.

*Affirmed.*