# CHARLESTON.

## McCarty v. R. E. Wood Lumber Co.

Submitted June 8, 1912. Decided November 4, 1913.

MASTER AND SERVANT—*Warning of Danger.*

It is the master's duty to warn the servant of any danger incident to the business, which is not patent to the servant, or which by reason of inexperience or incompetency the latter is not likely to know or appreciate, and for neglect of such duty, if the servant is injured thereby, he may recover from the master.

Error to Circuit Court, McDowell County.

Action by Lee McCarty, an infant, who sues by his next friend, against the R. E. Wood Lumber Company. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Anderson, Strother & Hughes* and *Strother, Taylor & Taylor,* for plaintiff in error.

*Cook, Litz & Howard* and *Sanders & Crockett,* for defendant in error.

ROBINSON, JUDGE:

Plaintiff, a boy seventeen years of age, was employed by defendant, and while engaged in the service was severely in-

jured by machinery at defendant's mill.  He has recovered judgment in the sum of $15,000.

The work at which plaintiff was engaged was that of taking lumber from a conveying table and loading it on a truck.  Just under the end of the table, near which end the work required plaintiff to stand and to pass, was a revolving shaft that carried the sprocket wheels for the conveying chains at each side of the table.  From the shaft, several inches toward the middle from one of the sprocket wheels, there projected a steel set screw for about one inch and three quarters.  When the truck was run on its track to the end of the table there was only a space of ten or twelve inches between the table and the bed of the truck.  The truck, however, was not as long as the end of the table.  The table and truck stood on a dock built eight or ten feet above the ground.  On the side of the truck opposite from the table there was only a space of ten or twelve inches to the edge of the dock.  Plaintiff and a fellow workman had partly loaded the truck with lumber which was coming over the conveying table when a scotch block that had been placed under one of the wheels of the truck became displaced and the truck started away.  In stooping to replace the block and thus to stop the truck the set screw caught plaintiff's clothing.  He was drawn to the shaft, his arm injured, the flesh torn from his abdomen and penis, and his testicles wholly torn from his body.

Defendant introduced no evidence, but rested on a challenge of the sufficiency of plaintiff's evidence to make a case.  It submits that no negligence on its part was shown.

At the time of the injury plaintiff had worked only five days.  When he was put to work at the end of the table no instructions as to lurking dangers were given him, nor was he at any time warned.  Defendant claims that there was no duty on it to instruct or warn plaintiff as to dangers from the revolving shaft, that the shaft was plainly visible to plaintiff, and that he was of sufficient age and discretion to know that it was dangerous.  But a careful consideration of the evidence leads us to the conclusion that the danger of the set screw in the revolving shaft was not so patent as of itself to warn plaintiff.  It was so situated as not to be patent to him while

engaged in his duty. He was not required to make close inspection of the shaft. It was the master's duty to have it reasonably safe. Under all the circumstances shown it can not be said to have been so. One might avoid the shaft and the sprocket wheels, as it seems plaintiff did, and still be caught by the long projecting set screw not so patent as were the major parts of the machinery. It was clearly defendant's duty to instruct plaintiff of the presence of the set screw. Situated as it was, a little thing hidden generally by the presence of the table and the truck, a prudent man might not observe it for many days of service in proximity to it. Moreover, plaintiff was young, and inexperienced in working about machinery. This fact made it even more incumbent on defendant to instruct him as to the danger of the surroundings in which he was placed to work.

Where there are latent defects or hazards incident to an occupation, known to the master, or which by the exercise of reasonable care he ought to know, it is the duty of the master to warn the servant of them fully. If the master fails to give such warning, he is liable to the servant for any injury the latter may sustain in consequence of such neglect. This rule applies even when the danger or hazard is patent, if through youth, inexperience, or other cause, the servant is incompetent fully to understand and appreciate the nature and extent of the danger. It is the master's duty to warn the servant of any danger incident to the business which is not obvious to the servant, or which by reason of inexperience or incompetency the latter is not likely to know or appreciate. *Giebell v. The Collins Company,* 54 W. Va. 518; *Shaw v. Hazel Atlas Glass Co.,* 70 W. Va. 676. From the evidence in this case, the jury were warranted in finding negligence on the part of defendant in failing to warn plaintiff of danger from the set screw. The work required him to be in proximity to the shaft. Defendant provided such scant room for its servants to load trucks from the conveying table that they were compelled, in handling the lumber and the truck in the way that such work is ordinarily done, to stand, and at times to stoop, in nearness to the revolving shaft which contained the small but dangerous projection. Plainly, there was a hazard not

ordinarily patent as to which defendant was bound to instruct plaintiff.

Defendant says that plaintiff was guilty of contributory negligence barring him from recovery—that he should have gone to the other side of the truck to scotch it. But, taking into consideration the surroundings in which plaintiff was placed, it can not reasonably be said that he was contributorily negligent in not doing so. Defendant had provided but little room beyond the truck, and on that side there was danger of falling over the dock. Besides, long projecting lumber on the truck made it impossible for him to go speedily and safely to that side before the truck would run away from its position. Defendant insists that it was contributory negligence for plaintiff to approach so near the shaft to scotch the wheel. Under the exigencies and surroundings of the occasion, it seems that he did only that which an ordinarily prudent man would have done. He avoided the shaft. We must assume that he would have avoided the set screw if he had been warned of its presence. Defendant's own making of the surroundings caused plaintiff to undertake to scotch the wheel near the shaft. He did only what his work ordinarily required. As far as the case discloses, he took no chances on danger known to him. Contributory negligence on the part of plaintiff does not appear.

A review of the instructions given and refused shows no error in that particular of which defendant can complain.

The point that the verdict is excessive can not be sustained. *Goshorn* v. *Wheeling Mould & Foundry Co.*, 65 W. Va. 250.

Finding no error, we affirm the judgment.

*Affirmed.*